UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB NOEL ENCALADE,

Plaintiff,

v.

SAN FRANCISCO COUNTY JAIL, et al.,

Defendants.

Case No. 25-cv-10192-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who is currently incarcerated at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants San Francisco County Jail and "CJ Deputies (Involved)". Plaintiff's handwriting is hard to read, but the complaint appears to allege the following. Deputies nearly broke Plaintiff's arm. The sergeant told "them" to "fuck [Plaintiff Encalade] up. He's combative." Plaintiff is traumatized and injured. Plaintiff has been "complaining for a year and ignored this long." Plaintiff was sexually harassed in the holding cell and stripped naked for a fight. Plaintiff called for help because he couldn't breathe and had a blood pressure reading of 182. Plaintiff was called crazy and combative because he has been diagnosed with schizophrenia. Some event which was allegedly illegal under California law nearly gave Plaintiff a heart attack. Deputies lost all of Plaintiff's property when Plaintiff left the facility to deal with a warrant. "They" won't give Plaintiff his footage or files; "they" give Plaintiff false promises. Plaintiff has been experiencing retaliation for at least one year. *See generally* Dkt. No. 1.

Plaintiff has also filed two letters with the Court and attached documents that he identifies as exhibits to the complaint. Dkt. Nos. 6, 8.

**C.     Dismissal with Leave to Amend**

The Court DISMISSES the complaint for failure to state a claim because the complaint does not allege that Defendants violated any federal law, statute, or constitutional provision. In the interests of justice, the Court GRANTS Plaintiff leave to file an amended complaint to state cognizable claims. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should

grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

In preparing an amended complaint, Plaintiff should, for each cause of action, (1) state as clearly as possible the facts giving rise to the cause of action, e.g., explain what action was taken or not taken that violated his constitutional right, and which individual acted or failed to act; (2) identify by name the individual he seeks to sue; (3) explain in a simple and concise manner why the named defendant is being sued in connection with the alleged wrongdoing; (4) identify the constitutional provision or federal law violated. The Court will not attempt to identify causes of actions or defendants from a narrative of events or from a laundry list of wrongs.

If Plaintiff seeks to hold the San Francisco County Jail liable for constitutional violations, the proper defendant for plaintiff's municipal liability claim would be San Francisco County itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from Section 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"). However, San Francisco County is not liable for constitutional violations simply because it employs or supervises a person who has violated a plaintiff's constitutional rights. To state a cognizable municipal liability claim against San Francisco County, Plaintiff must allege facts from which it can be reasonably inferred that the constitutional violations were because of an expressly adopted official county policy, a long-standing county practice or custom, or the decision of a final county policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)). If Plaintiff seeks to hold individual deputies liable for alleged constitutional or legal violations, he must identify the deputies by name, and clearly identify what each deputy did, or did not do, that violated his constitutional rights.

Plaintiff must comply with the joinder rule set forth in Fed. R. Civ. P. 20, which provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The gravamen of Rule 20 is that "multiple claims against a single party are fine, but Claim A against Defendant 1

3

should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). It is unclear if the events listed in the complaint are related. For example, it is unclear if the deputies who broke Plaintiff's arms are the same deputies who sexually harassed Plaintiff, or if they are the same deputies who failed to respond to Plaintiff's cry for help. It is also unclear if the loss of property or retaliation is related to the sexual harassment. In preparing an amended complaint, Plaintiff should only bring claims that arise out of the same occurrence and have a common question of law or fact to all defendants.

**D.      Additional Filings (ECF Nos. 4-6, 8-10, 12, 13)**

*Exhibits and Additions to the Complaint (Dkt. Nos. 6, 8, 12)*. After filing the complaint, Plaintiff filed three additional pleadings with the Court, which he requests that the Court use to supplement the complaint. In Dkt. No. 6, he provides copies of his jail grievances and jail action requests, and requests that the Court consider these as exhibits to the complaint. In Dkt. No. 8, he adds an additional legal ground for relief, and argues that his claims cannot be considered frivolous. Dkt. No. 8. In Dkt. No. 12, he provides a summary and a diagram of the main events, reports additional wrongdoing or denials by jail officials, requests that the Court appoint an officer to check on his safety, suggests measures that the Court can take to ensure that prisoner legal filings are received by the court, requests additional monetary damages, and provides the Court with his ongoing legal notes generated during the course of this action. Dkt. No. 12.

The Court does not consider Dkt. Nos. 6, 8, and 12 as part of the complaint because Plaintiff may not amend, or add to, the operative complaint piecemeal. Supplemental complaints are disfavored because they require the Court to piece together causes of actions or requests for relief by referring to multiple pleadings in the docket. If Plaintiff believes that the operative complaint (Dkt. No. 1) is incomplete, he may request leave to file an amended complaint that includes all the claims, arguments, and requests for relief that he seeks to bring in one document. Any request for leave to file an amended complaint must be accompanied by a proposed amended complaint.

In addition, the Court is not a depository for Plaintiff's evidence. To the extent Plaintiff has

United States District Court
Northern District of California

collected evidence that he believes supports his claims, the appropriate time to present evidence is when filing or opposing a dispositive motion. Evidence filed prematurely with the Court has no legal effect and will not be considered.

*Letters to the Court (Dkt. Nos. 4, 5, 9, 10, 13).* Plaintiff has filed multiple letters with the Court. These letters repeat his claims, complain of mistreatment, lack of access to legal materials, and retaliation (Dkt. Nos. 4, 9, 13); discuss the amount of compensation he seeks or is willing to settle for (Dkt. Nos. 4, 9); request status updates (Dkt. Nos. 5, 9); speculate that his mail is being tampered with (Dkt. Nos. 10, 13) and request that the Court order the jail to take certain actions (release video footage, provide copies of grievances) (Dkt. Nos. 4, 5). These letters serve no legal purpose. Filing a letter with the Court does not add a claim to the operative complaint, and the Court cannot act on letters. The only claims that will be litigated in this action are the cognizable claims pled in the operative complaint. Plaintiff should refrain from writing letters to the Court to report on events as they happen or to express his evolving thoughts regarding this case, such as his preferred amount of compensation or who else he would like to sue. Plaintiff's numerous letters clutter the docket and may delay the Court's ability to address meritorious requests or issues. If Plaintiff seeks evidence from Defendant, he may request the evidence via discovery should this case move forward. If Plaintiff seeks to sue additional defendants, add additional causes of action, or modify the relief sought, he should file an amended complaint. Finally, given the numerous letters that Plaintiff has successfully filed with the Court, the Court does not see any indication that jail officials are tampering with Plaintiff's mail.

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-10192 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).

United States District Court
Northern District of California

Plaintiff may not incorporate material from the prior complaint by reference. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to Plaintiff for failure to state a claim or failure to obey a court order. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6